FILED
United States Court of Appeals
Tenth Circuit

July 30, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL LEE WILSON,

        Petitioner - Appellant,

        v.

RANDY WORKMAN,

        Respondent - Appellee.

No. 12-7078

(D.C. No. 6:09-CV-00422-JHP-KEW)

(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Applicant Daniel Lee Wilson, an Oklahoma state prisoner, applied for relief

under 28 U.S.C. § 2254 in the United States District Court for the Eastern District

of Oklahoma. The district court denied the application. Applicant now seeks a

certificate of appealability (COA) from this court so that he may appeal the

district court's decision. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

denial of § 2254 application). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

In April 2005 Applicant was charged by information in Oklahoma state

court on counts of first-degree murder and discharging a firearm into an occupied

dwelling. The charges related to two shootings in the Morgan Hill area of

LeFlore County, Oklahoma. Michael Clark, whom Applicant describes as the

state's "key witness," Aplt. Br. at 7 (emphasis omitted), testified that he rode with Applicant to Morgan Hill on the night of April 4, 2005, where Applicant fired a rifle into a house. Inside the house, Antonio Salinas Mares sustained a gunshot wound to the head and died. Shell casings also linked Applicant to a second shooting at a nearby mobile home.

To establish Applicant's motive for the shootings, the state presented the testimony of Isidro Salinas, an uncle of Mares. Salinas testified that about two months before the shootings, Applicant kidnapped him, forced him to inject drugs and have sex with Applicant's girlfriend, and then demanded that he pay Applicant $600. He further testified that Applicant had menaced him with a gun and threatened to "'kill all of you'" if he was not paid the money. R., Vol. 1 pt. 4 at 655.

The jury found Applicant guilty on both counts, and the court sentenced him to life for the murder and 35 years' imprisonment for the firearm count. He appealed to the Oklahoma Court of Criminal Appeals (OCCA), challenging the admission of Salinas's testimony regarding the kidnapping incident. The OCCA affirmed. Applicant then sought state postconviction relief on the grounds (1) that his trial counsel had rendered ineffective assistance by failing to present witnesses who could have discredited Clark; (2) that his appellate counsel (a different lawyer) had rendered ineffective assistance by failing to raise trial counsel's ineffectiveness on direct appeal; and (3) that the trial court had

-2-

improperly limited his cross-examination of Clark. The state trial court denied relief and the OCCA affirmed the denial. The court held that Applicant had waived the ineffective-assistance-of-trial-counsel claim by failing to raise the claim on direct appeal, and it summarily rejected on the merits the claim of ineffective assistance of appellate counsel.

In October 2009 Applicant filed his § 2254 application. He argued that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is unconstitutional because it violates Article III of the United States Constitution and the principle of separation of powers. In addition, he repeated his arguments that the admission of Salinas's testimony deprived him of a fair trial, that he had received ineffective assistance of trial and appellate counsel, and that he was denied a fair opportunity to cross-examine Clark. The district court denied relief and denied a COA. Applicant now seeks a COA from this court so that we may review the district court's decision. He pursues all the issues raised in his § 2254 application except his constitutional challenge to AEDPA.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

AEDPA provides that when a question of federal law has been adjudicated on the merits in state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not grant habeas relief simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather,

-4-

that application must have been unreasonable. Moreover, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [Applicant's] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

### A. Admission of Salinas's testimony

Applicant first claims that Salinas's testimony regarding the kidnapping and forced-sex incident was irrelevant, unreliable, and highly prejudicial. Therefore, he argues, the trial court's decision to admit the testimony violated his Sixth and Fourteenth Amendment rights to a fair trial and due process. In addressing this claim, the district court correctly noted that the admission of evidence of other wrongful acts would entitle Applicant to habeas relief only if it rendered his trial fundamentally unfair. *See Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002). And it correctly determined that the challenged testimony was relevant and did not deprive Applicant of a fair trial. No reasonable jurist would debate the court's denial of this claim.

### B. Ineffective assistance of counsel

Applicant next claims that he was denied effective assistance of counsel. To establish a claim of ineffective assistance of counsel, Applicant had to demonstrate that his counsel's performance fell below "an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Applicant contends that his trial counsel was ineffective, and that his appellate counsel was ineffective in failing to raise on direct appeal the alleged deficiencies in trial counsel's performance. We can reject both claims for the same reason. Applicant cannot show deficient performance of appellate counsel in omitting an issue (here, ineffectiveness of trial counsel) if the issue lacks merit. *See Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Because the district court correctly concluded that Applicant's ineffective-assistance-of-trial-counsel claim lacks merit, his ineffective-assistance-of-appellate-counsel claim necessarily fails too.

Applicant alleges that his trial counsel was ineffective in failing to call four witnesses who would have impeached Clark's incriminating testimony and suggested that Clark was the one responsible for the shootings: Jesus Cavillo, Rickey Wayne Dunigan, Randall W. Oakes, and Evelyn Wilson. The district court ruled that the OCCA reasonably determined that Applicant failed to satisfy *Strickland's* deferential standard. First, it explained that Cavillo's testimony would not have conflicted with the key aspects of Clark's, and that in light of the considerable evidence of guilt, the failure to call Cavillo did not prejudice Applicant. Second, it ruled that Applicant suffered no prejudice from the failure to call Dunigan (a prisoner at the time of trial), whose testimony had been

excluded by the trial court on a motion in limine because it would have been based on Clark's conduct four years earlier, too far in the past to be relevant. Third, it concluded that the only admissible testimony from Oakes would have concerned Clark's reputation for truthfulness and that the omission of this testimony did not prejudice Applicant because his counsel had thoroughly attacked Clark's credibility on cross-examination and because the opinion of Oakes—a seven-time convicted felon—would have been of little value. And fourth, it ruled that Applicant had failed to demonstrate that his trial counsel acted unreasonably in failing to call Wilson, because the record contained no evidence, nor had Applicant even alleged, that his counsel knew or should have known at the time of trial of Wilson's proposed testimony. No reasonable jurist would debate the court's denial of these claims.

### C.    Restriction on cross-examination

Finally, Applicant claims that the trial court improperly denied him the opportunity to question Clark about his relationship with the Mexicans who lived in Morgan Hill. He asserts that when his counsel attempted to explore the topic on cross-examination, the court sustained an objection by the state. According to Applicant, had counsel been allowed to proceed, he would have elicited that it was Clark, not Applicant, who had a motive to attack Mares and others who lived in the area. Thus, he argues, the court's ruling deprived him of the opportunity to present a defense in violation of his due-process rights. *See Crane v. Kentucky*,

476 U.S. 683, 690 (1986) (Constitution guarantees meaningful opportunity to present complete defense).

The district court did not specifically address this claim, but it clearly lacks merit. The trial court did not prohibit relevant cross-examination. Its only restriction was to sustain without explanation an objection to the question, "What's your relationship with the Mexicans that you deal drugs to?" R., Vol. 1 pt. 3 at 559. Immediately preceding that question, however, the court allowed the following exchange: "Q: What's your relationship with the Mexicans that lived in these houses? A: I don't even know 'em." *Id.* Because Clark had testified that he did not know the Mexicans who lived in the homes where the shootings took place, his answer concerning his relationship with presumably different Mexicans to whom he dealt drugs would have been irrelevant. Applicant's trial counsel offered no argument to the contrary; rather, he immediately directed his cross-examination to a different topic after the court sustained the state's objection.

To the extent that Applicant argues that his appellate counsel was ineffective in failing to raise this alleged error by the trial court, the claim fails because the court committed no error. *See Cargle*, 317 F.3d at 1202.

## III.    CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge